UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DEANDRA SPEARS,** | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| v. | ] CIVIL ACTION NO. |
| | ] 1:18-CV-01548-KOB |
| **KMG ENTERPRISES, INC.,** | ] |
| | ] |
| Defendant. | ] |

## MEMORANDUM OPINION

This matter comes before the court on Defendant KMG Enterprises, Inc.'s motion to dismiss Plaintiff Deandra Spears's amended complaint. (Doc. 9). In her amended complaint, Ms. Spears alleges that her supervisor directed racist remarks at her, insulted her for wearing a hijab, and instructed her to stop wearing her hijab. She asserts that KMG terminated her employment because of her race and in retaliation for complaining about her supervisor's behavior in violation of Title VII of the Civil Rights Act and 42 U.S.C. § 1981.

Ms. Spears has pled facts showing a patently offensive supervisor, but she has not pled facts showing a prima facie case of racial discrimination or retaliation under § 1981. Further, she failed to timely exhaust her administrative remedies before bringing her Title VII claim. For these reasons, and as further explained below, the court will GRANT KMG's motion to dismiss.

1

## I. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a complaint fails to comply with this rule, the court will dismiss the complaint on a defendant's Rule 12(b)(6) motion to dismiss for "failure to state a claim upon which relief can be granted."

To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). And for a complaint to be "plausible on its face," it must contain enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When construing a complaint on a motion to dismiss, the court accepts as true the factual allegations in the complaint. *Iqbal*, 556 U.S. at 678. But the court does not accept "labels and conclusions," a "formulaic recitation of the elements of a cause of action," speculation, or statements that "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). So, the court will look only at well-pled *facts*, and if those facts, accepted as true, state a plausible claim for relief, then the complaint will survive the motion to dismiss. *Iqbal*, 556 U.S. at 678.

With these rules in mind, the court will present the facts of Ms. Spears's short-lived employment with KMG alleged in her amended complaint that the court accepts as true.

## II.     FACTUAL BACKGROUND

Ms. Spears began working as a server and hostess for KMG in Calhoun County, Alabama on May 28, 2017. Ms. Spears is African-American, "closely aligns herself with the Moorish Science Temple religious beliefs," and wears a hijab. (Doc. 8 at ¶ 3).

Her co-worker regularly used the word "n****r" in the presence of her supervisors, and her supervisors never told that employee to stop. One of her supervisors, Linda, called Ms. Spears a terrorist, "Aunt Jemima," and "Kunta Kinte's sister." Linda also referred to Ms. Spears's hijab as a rag, told her that she was "going straight to hell," and said that she "should live her life based on the Bible." (Doc. 8 at ¶¶ 8–9).

Ms. Spears complained to KMG's store manager about "being instructed by her supervisors not to wear the hijab." The store manager asked about Ms. Spears's religious beliefs, and she responded that "she was a spiritual person but closely aligned herself with the Moorish Science Temple." According to Ms. Spears, the Moorish Science Temple, "while quasi-spiritual in nature[,] advocate[s] Black Empowerment, including but not limited to racial pride." The store manager

informed Ms. Spears that he was familiar with her beliefs and that she could wear her hijab. (Doc. 8 at ¶ 10).

When Linda found out that the store manager would let Ms. Spears wear her hijab, Linda told Ms. Spears "you gonna get the hell out of here with your s***" and "[y]ou'll see when the next schedule comes out." Linda scheduled Ms. Spears for substantially reduced hours on the next work schedule. (Doc. 8 at ¶ 10).

Two weeks later, on June 22, 2017, a different supervisor, "Assistant Manager Mary," terminated Ms. Spears's employment. (Doc. 8 at ¶ 10).

From these facts, Ms. Spears alleges that KMG terminated her because of her race and in retaliation for complaining about discrimination to the store manager in violation of Title VII and § 1981. For the following reasons, all of her claims fail.

### III. ANALYSIS

#### A. Title VII

Before a plaintiff may bring suit under Title VII, she must first file a charge of discrimination with the EEOC within 180 days of her employer's last discriminatory act. *H&R Block E. Enterprises, Inc. v. Morris*, 606 F.3d 1285, 1295 (11th Cir. 2010). If the plaintiff fails to file an EEOC charge within 180 days, the court must dismiss her Title VII claim for failure to timely exhaust her administrative remedies. *Id.*

Ms. Spears alleges that KMG took its last discriminatory act when it terminated her on June 22, 2017. Ms. Spears has not alleged when she filed an EEOC charge, but the EEOC received an undated letter from Ms. Spears on December 26, 2017 and Ms. Spears's official Charge of Discrimination form is stamped received on March 5, 2018. (Doc. 9-1). Both dates are outside the 180-day deadline. And Ms. Spears has not alleged that she filed a charge at any earlier time—instead, she attempts to voluntarily dismiss her Title VII claims in her response brief without requesting leave from the court to amend her complaint a second time. (Doc. 11 at 1). So, the court will dismiss her Title VII claims as untimely.

**B.    Section 1981**

Title 42 U.S.C. § 1981 prohibits intentional discrimination and retaliation on the basis of race. *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987); *Pennington v. City of Huntsville*, 261 F.3d 1262, 1265 n.1 (11th Cir. 2001). Ms. Spears asserts that KMG violated § 1981 by terminating her because of her race and because she complained to the store manager about Linda telling her to take off her hijab.

    1.    Race Discrimination

The court turns first to Ms. Spears's claim that KMG terminated her because of her race. Ms. Spears does not provide any allegations of how or why Mary

terminated her employment, but the court construes Ms. Spears's complaint liberally and finds that she attempts to use circumstantial evidence—Linda's racist remarks—to support her race discrimination claim.

The burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) for Title VII disparate treatment claims applies to § 1981 racial discrimination claims relying on circumstantial evidence. *Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 843 n.11 (11th Cir. 2000). Pursuant to this framework, a plaintiff first must establish a prima facie case of discrimination by showing that "(1) she belongs to a protected class[;] (2) she was subjected to an adverse employment action[;] (3) her employer treated similarly situated employees outside her classification more favorably[;] and (4) she was qualified to do the job." *Smelter v. S. Home Care Servs. Inc.*, 904 F.3d 1276, 1288 (11th Cir. 2018). Here, Ms. Spears has failed to allege any facts showing the third element of her prima facie case.

Ms. Spears has not alleged that KMG treated any other employee more favorably than her; in fact, she does not mention KMG's treatment of other employees at all. Further, though she alleges that one of her supervisors, Linda, made remarks offensive to Ms. Spears's race and religion, she does not allege any wrongful conduct—or any conduct at all—on the part of the supervisor who actually terminated her, Mary. She provides no details of her termination besides

the fact that Mary implemented it two weeks after Linda cut her hours. Ms. Spears thus leaves the court to speculate as to any circumstantial evidence of racial discrimination. But, as stated above, speculation cannot defeat a motion to dismiss, so the court will grant KMG's motion to dismiss Ms. Spears's racial discrimination claim.

### 2. Retaliation

Section 1981 also prohibits employers from retaliating against employees for opposing racial discrimination. *See CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 449 (2008). Here, Ms. Spears alleges that KMG retaliated against her because she complained to the store manager about Linda telling her to take off her hijab. Assuming that these allegations would state a prima facie case of retaliation, they would state a prima facie case of retaliation only on the basis of religion, and "[a] plaintiff cannot make a claim of retaliation based on religion under § 1981." *Pennington*, 261 F.3d at 1265 n.1. So, because Ms. Spears has not alleged retaliation on the basis of race, her § 1981 retaliation claim fails.

## IV. CONCLUSION

By separate order, the court will **GRANT** KMG's motion to dismiss and will dismiss Ms. Spears's amended complaint without prejudice.

**DONE** and **ORDERED** this 7th day of January, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE